NO. _____14-1306_____

# In The
# United States Court of Appeals
## For The Fourth Circuit

Reginald B. Stewart,

Appellant,

v.

United States of America,

Appellee.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

APPELLANT'S BRIEF

Eden Brown Gaines
Brown Gaines, LLC
10665 Stanhaven Place, Ste. 203
White Plains, MD  20695
(301) 885-0069 - Office
(301) 542-0032 - Facsimile

Counsel for Appellant

# I.     CORPORATE DISCLOSURE STATEMENT

Pursuant to Local Rule 26.1, Appellant, Reginald Smith, discloses he is an individual and not a corporation.  Appellant knows of no publicly held corporation with a direct financial interest in the outcome of the litigation.

## II.   TABLE OF CONTENTS

IV.  STATEMENT OF SUBJECT MATTER AND APPELLATE
     JURISDICTION ................................................................... 1
     A.   District Court Jurisdiction ........................................ 1
     B.   Court of Appeals ...................................................... 1
     C.   Timeliness of Appeal................................................ 1
     D.   Assertion of Final Order ......................................... 2

V.   STATEMENT OF ISSUES PRESENTED FOR REVIEW ................... 2

VI.  STATEMENT OF THE CASE ................................................ 2
     A.   Appellant's Termination From His Employment ...................... 2
     B.   Appellant and Defendants' Consensual Social Relationship
          And Defendants' False Allegations ................................ 2
     C.   Appellant's Lawsuit, Removal to Federal Court and
          Evidence Challenging the Certification........................... 4
     D.   The District Court's Order Dismissing Appellant's Claims ...... 5

VII. SUMMARY OF ARGUMENT.................................................. 6
     A.   The District Court's Validation of the Certificate
          Was Error.......................................................... 6
     B.   The District Court's Failure to Allow Limited Discovery
          Was Error.......................................................... 8

VIII. ARGUMENT.............................................................. 9
     A.   Standard of Review................................................ 9
     B.   Defendants Were Not Acting Within the Scope of Employment
          When Asserting False and Defamatory Allegations of Sexual
          Harassment........................................................ 9
          1.   Defendants' conduct was personally motivated and
               retaliatory.................................................. 11
          2.   Defendants' conduct was not of the kind for which they were
               hired to perform or incidental to their employment........... 12
     C.   The District Court Abused Its Discretion in Denying Appellant
          the Opportunity to Conduct Limited Discovery..................... 14

**IX.   CONCLUSION** ........................................................................ **16**

**X.    REQUEST FOR ORAL ARGUMENT** ................................... **16**

**XI.   CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)** ................. **17**

# III.  TABLE OF AUTHORITIES

## Cases

*Armstrong v. Thompson,* 759 F.Supp.2d 89 (D.D.C. 2011) ......................................12

*Gutierrez de Martinez v. Drug Enforcement Administration,*
    111 F.3d 1148 (4th Cir. 1997) ............................................. 9, 14, 15

*Haddon v. United States,* 68 F.3d 1420 (D.C. Cir. 1995) ............................10, 12, 13

*Hoffman v. United States,* 182 F.3d 907 (4th Cir. 1999) ................................... 11, 13

*Jamison v. Wiley,* 14 F.3d 222 (4th Cir. 1994) .....................................................9, 11

*Nadler v. Mann,* 951 F.2d 301 (11th Cir. 1992) ........................................................14

*Osborn v. Haley,* 549 U.S. 225 (2007) ......................................... 1, 5, 10, 11, 12, 13

*Troxler v. Charter Mandala Center, Inc.,* 89 N.C. App. 268 (1988) ......................13


## Statutes

28 U.S.C. §1291 ..........................................................................................................1

28 U.S.C. §2679(d)(2) .................................................................................................1


## Rules

Federal Rules of Appellate Procedure, Rule 3 ............................................................1

Federal Rules of Appellate Procedure, Rule 4(a)(1)(B) .............................................1

Federal Rules of Appellate Procedure, Rule 28.1e(2) ..............................................17

Federal Rules of Appellate Procedure, Rule 32(a)(7)(B) and 32(a)(7)(B)(iii) ........17

Federal Rules of Appellate Procedure, Rule 34 .......................................................16

## Relevant Authority

*Restatement (Second) of Agency* § 228 (1958) ........................................................10

## IV.   STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

### A. **District Court Jurisdiction**

The District Court assumed jurisdiction pursuant 28 U.S.C. §2679(d)(2) and the U.S. Attorney's certification that Celina Inman ("Inman") and Valerie Hutton ("Hutton") (collectively "Defendants") acted within the scope of their employment when making alleged defamatory statements concerning sexual harassment. Although Appellant challenges the propriety of the certification in this Appeal, the District Court retains jurisdiction even upon resubstituting Inman and Hutton as party defendants. *Osborn v. Haley*, 549 U.S. 225, 242 (2007).

### B. **Court of Appeals**

The Court of Appeals for the Fourth Circuit has jurisdiction of the instant appeal pursuant to 28 U.S.C. §1291. The action arises from the final decision of the United States District Court of Maryland.

### C. **Timeliness of Appeal**

On March 7, 2014, the District Court entered a Final Order dismissing Appellant's claims. On April 1, 2014, Appellant filed a Notice of Appeal pursuant to Rule 3 of the Federal Rules of Appellate Procedure ("FRAP"), which was within the timeline designated by FRAP 4(a)(1)(B).

### D. Assertion of Final Order

The instant appeal is from a Final Order disposing of all Appellants' claims.

## V.    STATEMENT OF ISSUES PRESENTED FOR REVIEW

- Whether federal employees who make defamatory and false statements against a coworker have absolute immunity from suit solely because the defamatory and false statements concern sexual harassment.

- Whether the District Court erred in denying limited discovery, particularly where the record reflected genuine issues of fact as to the truth or falsity of Defendants' allegations of sexual harassment.

## VI.    STATEMENT OF THE CASE

### A. Appellant's Termination From His Employment

On July 3, 2013, Appellant was terminated from his position as a Professional Staff Member of the Appropriations Committee of the U.S. Senate.  JA at 12-14; 23.[1]    Appellant's supervisor informed him that his termination was because Defendants, who were Appellant's subordinates, alleged Appellant made unwanted and non-consensual sexual advances towards them, including sending unwanted emails of an explicitly sexual nature.  JA at 23.

### B. Appellant and Defendants' Consensual, Social Relationship and Defendants' False Allegations.

During the relevant period, Defendants were on a detail from the Government Printing Office ("GPO") to the U.S. Senate.  JA at 27; 33.  During the relevant

---

[1] The Joint Appendix shall be cited as "JA at [page number]."

period, Appellant engaged in a consensual, amicable and flirtatious friendship with Defendants. JA at 12-14; 24-25; 33. Appellant and Defendants routinely attended non-work related social events together, including attendance at a social event in the week prior to his termination. JA at 24-25; 28. During the period in which Defendants allege they were sexually harassed, Defendants regularly flirted with Appellant at work, often complimenting his appearance. JA at 25. Inman sent emails with sexually explicit content to Appellant, using Senate equipment. *Id*. Defendants sent cards and notes to Appellant of a friendly and/or flirtatious nature. *Id*. Defendants rated Appellant as an exemplary supervisor. JA at 23. Defendants did not indicate to Appellant or otherwise state their belief that the nature of their friendship was unwanted or inappropriate. JA at 25.

In October 2012, Appellant informed Defendants of his engagement to his present wife. JA at 24. Appellant believes Defendants' false allegations of harassment began to surface shortly after his engagement announcement because Defendants' were displeased with his engagement. *Id*. In the Spring of 2013, Defendants believed that Appellant intended to remove them from their detail positions with the Senate. JA at 30. Defendants also believed Appellant was unfairly assigning work to them. JA at 30, 34. Based on their unsubstantiated fears, Defendants escalated the false allegations of harassment by reporting them to

Appellant's supervisor.[2]  Defendants' statements directly resulted in Appellant's termination from his position.  JA at 23.

### C. Appellant's Lawsuit, Removal to Federal Court and Evidence Challenging the Certification.

Because Defendants' defamatory and false allegations led to Appellant's termination, he filed defamation and tortious interference with business relations claims in the Prince George's County, Maryland Circuit Court ("state court") on September 19, 2013.  JA at 11-17.  Defendants learned of Appellant's lawsuit from a memorandum issued by the state court.  JA at 31, 35.

On November 21, 2013, U.S. Attorney, Rod Rosenstein, as a designee of the U.S. Attorney General, certified that Defendants acted within the scope of their employment "at the time of the incidents out of which the [Appellant's] claims arose" (the "Certification").  JA at 18.  On November 27, 2014, the U.S. Attorney removed Appellant's state court claims to federal court and moved to substitute the United States as a party defendant.  JA at 5-7.  The District Court substituted the

---

[2] It is noteworthy that Hutton alleges Inman (rather than Defendants collectively) complained of sexual harassment to Appellant's Senate supervisors.  JA at 31. Hutton reports the majority of Appellant's alleged conduct as hearsay from Inman. JA at 27-32.  Her declaration adopts a distinctly passive approach to the allegations. She also stated Appellant limited the majority of his conversation with her to work issues and that he had not complained of her performance.  JA at 30.  She does suggest, however, that she told Senate officials about unspecified behavior when interviewed on or about July 2, 2013.  JA at 31.

United States as a party defendant on December 3, 2013, noting that Appellant could seek reconsideration. JA at 20. Appellant moved for reconsideration of the Order substituting the United States as a party and requested limited discovery. R-21.[3] Appellant proffered facts by declaration and submitted copies of cards authored by Defendants to illustrate the consensual nature of the relationship. R-21, 28, 31. Appellant forecasted that access to the Senate email accounts of Defendants and his own, in addition to information from the ostensible one-day investigation of Defendants' allegations through limited discovery would yield additional evidence illustrating the consensual nature of the parties' relationship. R-21, 28.

### D. <u>The District Court's Order Dismissing Appellant's Claims</u>

The parties fully briefed Appellant's motion for reconsideration (challenging the Certification) and motion for limited discovery.[4] On March 7, 2014, the District Court denied the motion for reconsideration and limited discovery and issued its Final Order dismissing Appellant's claims.[5]

---

[3] References to the Record shall be cited as "R-[docket entry]."

[4] Appellant also sought remand to the state court. However, upon review of *Osborn v. Haley*, 549 U.S. 225, 242 (2007), Appellant withdrew the request.

[5] The parties agreed that Appellant could not maintain claims of defamation and tortious interference with business relations pursuant to the Federal Tort Claims Act and the District Court's finding that Defendants acted within the scope of employment would result in dismissal of Appellant's claims.

In holding Defendants acted within the scope of their employment, the District Court reasoned that the false nature of Defendants' sexual harassment allegations were "irrelevant to the scope of employment determination." JA at 40. In other words, even if the allegations were false, Defendants acted within the scope of their employment solely because the nature of their statements were complaints of sexual harassment. JA at 40-41.

In denying Appellant's request for limited discovery, the District Court asserted Appellant failed to demonstrate the existence of a material question of fact. JA at 41-42. The District Court pointed to emails provided by Inman, stating they suggested the truth of Defendants' allegations. JA at 41. The District Court's Order did not speak to Appellant's assertion that access to Senate email accounts would produce similar emails authored or sent by Inman. *Id*. Appellant filed a timely Notice of Appeal. JA at 43.

## VII.  SUMMARY OF ARGUMENT

### A. <u>The District Court's Validation of the Certificate Was Error</u>.

Federal employees who make defamatory or false statements against a coworker do not enjoy absolute immunity from suit simply because the statements concern sexual harassment. Neither this Court nor its sister Circuits have ever espoused the notion that federal employees who maliciously and knowingly assert false and defamatory statements against their colleagues should be automatically

insulated from suit if the statements concern sexual harassment. Instead, courts are to examine the conduct closely and determine whether the statements, irrespective of the subject, are made within the scope of employment.

In the instant case, Defendants' statements were not made within the scope of their employment. Upon review of the elements of *respondeat superior* in the District of Columbia, it is evident Defendants' conduct was not of the kind or nature they were hired by the Senate to perform. It is likewise evident their statements were made in retaliation or in furtherance of malicious personal motives.

The District Court committed reversible error in premising its scope of employment determination on the rationale that the defamatory or false nature of the statements was not relevant. Indeed, the District Court's decision is contrary to those of of a number of other Courts, including this Circuit, which were tasked with the examination of the nature and motive behind defamatory statements pursuant to *respondeat superior.* Appellant is entitled to bring suit against Defendants, rather than the United States, because Defendants' statements were not borne from their employment but instead, their personal, external and independent desires to induce Appellant's termination.

## B. <u>The District Court's Failure To Allow Limited Discovery Was Error</u>.

Although the District Court reasoned the false nature of Defendants' allegations was irrelevant, it concluded that emails produced by Inman supported the veracity of Defendants' sexual harassment allegations. The District Court erred, however, in failing to identify specific facts presented by either party and explain its findings regarding the same, including any credibility determinations.

The District Court ignored evidence presented by Appellant, to include testimony regarding the mutual or consensual nature of the parties' relationship; non-work related social engagements attended during the period where Appellant is alleged to have harassed Defendants; the exchange of gifts and cards; superior supervisor ratings and the mutual exchange of explicit emails. This evidence illustrates that Defendants' allegations were not credible and created genuine issues of fact. Because there were genuine issues of fact to be resolved by the District Court, it abused its discretion in precluding Appellant from obtaining additional evidence (emails and information from the one-day investigation of Defendants' allegations) through limited discovery. The evidence Appellant forecasted was material to the scope of employment determination, particularly because the veracity of the sexual harassment allegations was critically relevant. The District Court's failure to allow limited discovery and conduct an evidentiary hearing was reversible error.

8

## VIII.  ARGUMENT

### A. <u>Standard of Review</u>

1.      This Court reviews the District Court's resolution of the scope of employment question under a *de novo* standard.  *Gutierrez de Martinez v. Drug Enforcement Admin.,* 111 F.3d 1148, 1152 (4th Cir. 1997).

2.      Where the facts relevant to the scope of employment inquiry are in dispute, as is the case here, this Court reviews the District Court's factual findings for clear error.  *Id*. at 1153.

3.      This Court reviews the District Court's discovery decisions for abuse of discretion.  *Id*. at 1155.

### B. Defendants Were Not Acting Within the Scope of Employment When Asserting False and Defamatory Allegations of Sexual Harassment

The Westfall Act provides absolute immunity from suit for common law torts only if the conduct giving rise to the claims occurred within the scope of employment.  *Gutierrez de Martinez,* 111 F.3d at 1152.  In determining whether Defendants' conduct was within the scope of their employment, the District Court correctly applied the *respondeat superior* law of the District of Columbia.  *See Jamison v. Wiley,* 14 F.3d 222, 237 (4th Cir. 1994) ("Whether an employee's action falls within the scope of employment under the Westfall Act is to be determined according to the law of *respondeat superior* in the state where conduct occurred).

In the District of Columbia, conduct is within the scope of employment if:

(a) the conduct is of the kind the employee is employed to perform;
(b) the conduct occurred substantially within the authorized time and space limits; and
(c) the conduct is actuated, at least in part, by a purpose to serve the master.

See RESTATEMENT (SECOND) OF AGENCY §228 (1958); *Haddon v. United States,* 68 F.3d 1420, 1423-24 (D.C. Cir. 1995) *abrogated on other grounds by Osborn v. Haley*, 549 U.S. 225 (2007). Elements (a) and (c) are germane to the instant case.

The District Court's opinion is sparse in terms of identification of material facts, referring only to a set of emails produced by Inman. The District Court's application of any facts to the elements of *respondeat superior* is also difficult to decipher. This, of course, makes appellate review somewhat difficult. Notwithstanding the lean memorandum, it is evident the District Court missed the mark because it did not appreciate the significance of the lack of veracity in Defendants' allegations to the *respondeat superior* analysis. The Certification cannot stand under a proper analysis.

### 1. *Defendants' conduct was personally motivated and retaliatory.*

The nature of Defendants' allegations is critically relevant because false or defamatory statements are directly material to the third element of *respondeat superior*. A finding that Defendants' statements were false and thereby motivated by personal animus or retaliation supports the invalidity of the Certification. *See Osborn,* 549 U.S. at 251-52 (recognizing issues which go "to the heart of the merits, as well as to the validity of the certificate," can turn on credibility). *See also Jamison,* 14 F.3d at 237 (conduct with an "external, independent, and personal motive" to retaliate is not within the scope of employment because it is not in furtherance of the employer's interests); *Hoffmann v. United States*, 182 F.3d 907 (4th Cir. 1999) (torts committed solely to carry out a personal vendetta are outside the scope of one's employment because they are not related to the employer's interests).

Appellant asserts Defendants were comfortable with the nature of their relationship and themselves instigated flirtatious conduct and communicated sexually explicit emails. It was not until Appellant announced his engagement that allegations of inappropriate or unwanted conduct began to surface. Once Inman and/or Hutton adopted the unsubstantiated fear that their details would end, they determined that Appellant should be terminated in order to maintain their positions. The sexual harassment allegations were designed to remove Appellant, who had not

engaged in unwanted harassment, from the workplace. Hutton desired to keep a relative distance, only passively participating in the vendetta.

Defendants' conduct, resulting from a wholly "external, independent and personal motive" and retaliatory and maliciously personal in nature, is not motivated in furtherance of the Senate's interest. It is therefore outside the scope of employment for purposes of the Certification. *See e.g. Osborn,* 549 U.S. at 251 (employees who maliciously induce discharge are not acting within scope of employment). *See also Armstrong v. Thompson*, 759 F.Supp.2d 89, 94 (D.D.C. 2011) (evidence of personal motive and desire to dissociate oneself from allegations underscores fact that allegations were not to advance employer's interests). Because the conduct does not satisfy the third element of *respondeat superior*, the District Court should have granted Appellant's motion for reconsideration and resubstituted Inman and Hutton as party defendants.

2. *Defendants' conduct was not of the kind for which they were hired to perform or incidental to their employment.*

The nature of Defendants' allegations is also critically relevant to the first element of *respondeat superior.* While valid allegations of unwanted sexual conduct are likely within the scope of employment, <u>false</u> and <u>defamatory</u> statements concerning sexual harassment are not the kind of conduct for which Defendants were hired. Such statements are in no way incidental to their employment. *See Haddon*

12

*v. United States*, 68 F.3d 1420, 1424-25 (D.C. Cir. 1995) *abrogated on other grounds by Osborn*, 549 U.S. 225 (2007) (to qualify as conduct of the kind one is employed to perform, the employee's actions must have either been "of the same general nature as that authorized" or "*incidental* to the conduct authorized") (citations omitted, emphasis in original).

Defendants did not lodge the allegations because they honestly believed they had been subjected to unwanted sexual advances. They did so to maliciously induce Appellant's termination. The Senate hired Defendants to serve as Printer Keyboarders in its Editorial Offices. Arguably, Defendants, in their capacity as employees, would also have an obligation to make legitimate reports of conduct which could be perceived to be sexual harassment as the District Court noted. The linchpin, however, is that Defendants' allegations were not legitimate reports of harassment. Inducing the termination of a valuable employee and/or the maintenance of petty grievances or soap opera oriented turmoil is not the kind of conduct in which Printer Keyboarders in the Editorial Office are hired to engage and is in no way incidental to authorized conduct. *See Haddon,* 68 F.3d at 1424-25 (White House employee who threatened other staff was not acting within the scope of his employment because he was hired to be an electrician and not to threaten White House staff); *Hoffman*, 182 F.3d at 910 *citing Troxler v. Char-ter Mandala Center, Inc.,* 89 N.C.App. 268, (N.C.App.1988) (reasoning that defamatory

13

statements made "for a malicious purpose" are not incidental to an employees work or within scope of employment); *Nadler v. Mann*, 951 F.2d 301, 306 (11th Cir. 1992); (an AUSA who makes defamatory and slanderous statements simply is not doing what his employment contemplated). Accordingly, the District Court erred by finding that Defendants' actions were incidental to their employment or of the kind of conduct for which they were hired, simply because the alleged defamatory and false statements concerned sexual harassment. Because the facts do not satisfy the first element of *respondeat superior*, the Certification was improper.

### C. The District Court Abused Its Discretion in Denying Appellant the Opportunity to Conduct Limited Discovery.

This Court should note that Appellant proffered evidence which remained unrebutted by the United States. For example, Defendants' declarations did not directly address the fact that they continued to engage in after work social functions during the period when they contend Appellant harassed them. Their declarations do not rebut the fact they exchanged gifts and cards with Appellant during the time they contend he harassed them. Their declarations do not rebut the fact they rated Appellant as an exemplary supervisor during the period they contend he harassed them. This and other evidence proffered by Appellant should have been sufficient to challenge the Certification. *See Gutierrez de Martinez.*, 111 F.3d at 1155 (to establish Defendants were not acting within scope of employment, Appellant must

with any specific evidence or the forecast of specific evidence that contradicts the Certification). While the United States proffered evidence, it served only to create genuine issues of fact, warranting limited discovery. *See Gutierrez de Martinez.*, 111 F.3d at 1155 (a federal employee or the Government may come forward with evidence in support of the Certification, at which point, the District Court may permit any needed discovery to facilitate determination of genuine issues of fact material to the scope-of-employment decision).

The District Court's determination that Appellant failed to demonstrate a material question of fact was flatly wrong. While Defendants contend Appellant created a hostile work environment with salacious comments and explicit emails, Appellant produced evidence that Defendants were willing participants, themselves making suggestive comments and spending time with Appellant after work. The District Court's failure to acknowledge or assess this and unrebutted evidence proffered by Appellant was clear error. In addition to providing evidence, Appellant forecasted that limited discovery would allow him to obtain the sexually explicit emails sent by Inman and information from the Senate's ostensible investigation proving the false nature of Defendants' claims.

The District Court abused its discretion by ignoring the genuine issues of fact and by declining to resolve them after limited discovery. The District Court should

have allowed Appellant limited discovery on the issues identified and if necessary, conducted an evidentiary hearing to resolve the genuine fact issues which were directly material to the Certification.  This Court should remand to facilitate this process.

## IX.   CONCLUSION

This District Court's Final Order affirming the Certification is erroneous because Defendants' defamatory statements were retaliatory; wholly external, and independent of the Senate's interests; and personally motivated.  The defamatory statements do not constitute conduct which was of the kind or nature Defendants' were hired to perform or incidental to their employment.  The District Court abused its discretion by denying Appellant limited discovery to facilitate the resolution of genuine issues of material facts.  Appellant respectfully requests that this Court reverse the Final Order of the District Court; remand for limited discovery and if necessary, a hearing to determine whether Defendants' allegations were valid or defamatory and false.

## X.   REQUEST FOR ORAL ARGUMENT

Appellant requests oral argument pursuant to FRAP 34.  The appeal is not frivolous.  The dispositive issues have not been authoritatively decided.  Moreover, the District Court's Order, if affirmed, may establish a precedent which automatically insulates all federal employees alleging sexual harassment from suit

16

without regard to the veracity of such allegations and as such, the decisional process will be significantly aided by oral argument.

## XI.    CERTIFICATE OF COMPLIANCE WITH FRAP 32(a)

This brief complies with the type-volume limitations of FRAP 28.1(e)(2) or 32(a)(7)(B) because this brief contains 3,452 words, excluding the parts of the brief exempted by FRAP 32(a)(7)(B)(iii).

Respectfully submitted                                           May 27, 2014


Eden Brown Gaines, #18306
Brown Gaines LLC
10665 Stanhaven Place, #203
White Plains, MD   20695
(301) 885-0069 - office
(240) 349-2543 – facsimile
egaines@browngaines.com

## **CERTIFICATE OF SERVICE**

I certify that on May 27, 2014, the Court's ECF system served a copy of *the*

*Brief of Appellant* on the following:

> Victor M. Lawrence
> Special Assistant to the U.S. Attorney
> 36 S. Charles Street, 4th Floor
> Baltimore, MD  21201

Eden Brown Gaines